**Stephen S. EDWARDS, an individual, Plaintiff–Appellant,**

v.

**CHARLES SCHWAB BANK; et al., Defendants–Appellees.**

### No. 14-16114

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

FILED August 05, 2016

Stephen S. Edwards, Pro Se

Kate L. Benveniste, Laura Sixkiller, Esquire, Attorney, DLA Piper LLP (US), Phoenix, AZ, for Defendants–Appellees

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Stephen S. Edwards appeals pro se from the district court's judgment dismissing his

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

civil action alleging federal claims related to his mortgage documents. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Edwards' action because Edwards failed to allege facts sufficient to state a plausible claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that a complaint must allege more than labels and conclusions and must allege sufficient facts to support a cognizable legal theory); *see also Hebbe*, 627 F.3d at 341–42 (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

Denial of leave to amend was not an abuse of discretion because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review); *see also* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of the Real Estate Settlement Procedures Act); 15 U.S.C. § 1640(e) (an action for damages under the Truth in Lending Act must be brought within one year of the alleged violation); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing that the statute was tolled).

The district court did not abuse its discretion in denying Edwards' motion for reconsideration because Edwards did not

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (setting forth standard of review and bases for granting motion for reconsideration).

Edwards' contentions that the district court was biased and unfair are without merit.

**AFFIRMED.**